UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
MASTER RASHID,                                                :
                                                              :
                              Plaintiff,                      :
                                                              :       **RULING ON MOTIONS**
              -against-                                       :       **FOR PRELIMINARY**
                                                              :       **INJUNCTIVE RELIEF**
PIERCE, et al.,                                               :
                                                              :       23-CV-1235 (VDO)
                              Defendants.                     :
------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Master Rashid asserts two claims in this action, unsanitary conditions of confinement and denial of equal protection of the laws. Specifically, he alleges that the showers were unsanitary and, for at least one day, he was confined in a cell with an inoperable toilet and sewage from other cells flooding the floor. He also alleges that he was denied cleaning supplies while another inmate subject to the same cell conditions was permitted to use cleaning supplies. The incidents underlying Plaintiff's claims occurred in September and October 2022.

Plaintiff has filed two motions seeking preliminary injunctive relief regarding incidents that are not at issue in this action. For the following reasons, the motions are denied.

**I.    LEGAL STANDARD**

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail on his claim for mandatory relief, Plaintiff must demonstrate "that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted); *see also A.H. by and through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (to obtain mandatory preliminary injunctive relief against a government actor, plaintiff must, *inter alia*, "make a strong showing of irreparable harm" absent injunctive relief and "demonstrate a clear or substantial likelihood of success on the merits"). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). The Supreme Court has repeatedly stated that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded on a clear showing that the plaintiff is entitled to such relief. *Id.* (citation omitted).

In addition, allegations of irreparable harm or claims of a likelihood of success on the

merits must be substantiated with admissible evidence. *Torrez v. Semple*, No. 3:17-cv-1223(SRU), 2017 WL 6624009, at *1 (D. Conn. Dec. 28, 2017); *see also Cox v. Morley*, No. 9:20-CV-1235(GLS/CFH), 2020 WL 6781522, at *10 n.13 (N.D.N.Y. Nov. 18, 2020) ("any renewed request for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent"); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Further, as one of the requirements for an award of preliminary injunctive relief is demonstration of a likelihood of success on the merits of his claims, Plaintiff's requests for preliminary injunctive relief must relate to the claims in the operative complaint. *See, e.g., DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *McMillian v. Konecny*, No. 9:15-CV-0241(GTS/DJS), 2018 WL 813515, at *2 (N.D.N.Y. Feb. 9, 2018) (relief sought in motion for temporary restraining order or preliminary injunction must relate to claims in complaint); *Torres v. UConn Health*, No. 3:17-cv-325(SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

## II.  DISCUSSION

Pending are two motions for preliminary injunctive relief, the third and fourth such motions Plaintiff has filed in this case. Plaintiff titles his motions as seeking a preliminary injunction, a temporary restraining order, and a protective order. Despite these three titles, he seeks only preliminary injunctive relief. "In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Antonyuk*

*v. Hochul*, 635 F. Supp. 3d 111, 124-25 (N.D.N.Y. 2022) (citing cases). Thus, all three requests are governed by the same standard. *See Jones v. Bank of New York Mellon Trust Company, Trustee for Mortgage Asset Management Series/Trust*, No. 23-CV-2104(LTS), 2023 WL 3626267, at *1 (S.D.N.Y. May 24, 2023) (considering motion for protective order as seeking preliminary injunctive relief).

In his third motion, Doc. No. 35, Plaintiff states that, on April 17, 2024, Defendant Blackstock "laid in wait" for him but does not state that anything happened as a result of this action. *Id.* at 1. He also generally states that Defendants tried to use gang members to intimidate him to drop his complaint. For relief, Plaintiff seeks an order that Defendants "keep their gang from him" and that he be given a single cell with an order not to touch his legal work. *Id.*

In his fourth motion, Doc. No. 41, Plaintiff states that he was issued a disciplinary report on November 24, 2022 that was dismissed and includes the allegation against Defendant Blackstock from the third motion. He also repeats allegations included in his second motion for preliminary injunctive relief regarding rumors about his confinement in protective custody in Virginia, his confinement with a known gang member with whom Plaintiff had issues, and an alleged physical assault "by an agent of the defendants." Doc. No. 41 ¶¶ 3-5. He again seeks confinement in a single cell.

As the Court has previously advised Plaintiff in the order denying his first two motions for preliminary injunctive relief, allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with admissible evidence. *Torrez v. Semple*, No. 3:17-cv-1223(SRU), 2017 WL 6624009, at *1 (D. Conn. Dec. 28, 2017); *see also Cox v. Morley*, No. 9:20-CV-1235(GLS/CFH), 2020 WL 6781522, at *10 n.13 (N.D.N.Y. Nov. 18, 2020) ("any renewed request for injunctive relief must be supported by evidence, as opposed

4

to mere allegations, showing that the alleged irreparable harm is imminent"); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Plaintiff submits no evidence to support his request for preliminary injunctive relief.

In addition, as the Court also previously explained, any relief sought must relate to the claims going forward in this action, *i.e.*, the conditions in Plaintiff's cell in September and October 2022. The claims for preliminary injunctive relief are not related to those claims. Thus, preliminary injunctive relief is not warranted. *See, e.g., Bradshaw v. Annucci*, No. 9:23CV0602(MAD/ML), 2024 WL 1765524, at *7 (N.D.N.Y. Apr. 24, 2024) (noting that plaintiff's underlying claims in the case bore no relationship to the alleged incidents set forth in the motion; "Thus, this alleged wrongdoing cannot provide a basis for a preliminary injunction in this lawsuit.") (collecting cases). Filing additional motions asserting the same requests does not alter that determination and wastes judicial resources.

Further, the decision to place Plaintiff in a single cell falls within the purview of the Department of Correction, not the Court. *See Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); *Diaz v. Donahue*, No. 22-CV-6559(CJS), 2024 WL 3422316, at *2 (W.D.N.Y. July 16, 2024) (explaining that application for injunctive relief lacked merit because decision to order plaintiff confined in single-bunk cell falls outside the purview of the court) (citing cases).

### III.  CONCLUSION

Plaintiff's motions for preliminary injunctive relief [**Docs. No. 35, 41**] are **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
July 22, 2024

                                               s/Vernon D. Oliver
                                               VERNON D. OLIVER
                                               United States District Judge